**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                     **08-CR-039S(Sr)**

**SHAWN M. SYLVIA,**

        **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Shawn M. Sylvia ("the defendant"), is charged in a two count indictment with having violated Title 21 U.S.C. § 846. He has filed an omnibus discovery motion wherein he seeks (1) a bill of particulars; (2) discovery pursuant to Rule 16 of the Fed. R. Crim. P.; (3) "discovery with respect to FRE 403, 404(b) and 609;" "discovery with respect to FRE 702, 703 and 705;" (4) production of *Brady, Giglio* and *Jencks* materials; (5) "identity of informants;" and (6) "leave to make further motions." (Docket #8).

The government has filed its response in opposition to the defendant's motion as well as its reciprocal motion for discovery pursuant to Rule 16(b) of the Fed. R. Crim. P. (Docket #10).

Each of the aforesaid requests will be separately discussed herein.

## DISCUSSION AND ANALYSIS

1.   **Defendant's Motion For A Bill Of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events as well as identities of the parties involved and the exact quantity of the cocaine involved as alleged in Counts 1 and 2 of the Indictment. (Docket #8, pp. 2-4).

In response to this demand, the government states that "the Indictment is sufficient and that the demand for a bill of particulars is unwarranted" and that "the volume of discovery provided thus far in this action provides an overall picture of the defendant's culpability and actions relative to the Indictment" and further "delineate[s] all the specific information sought by the defendant's requests." (Docket #10, p. 9, ¶ 17).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the

crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 and 2 of the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

    **2.**    **Defendant's Request For Discovery Pursuant To Rule 16 Fed. R. Crim. P.:**

In his demand, the defendant has set forth an extensive list of information and materials he seeks as discovery pursuant to Rule 16 of the Fed. R. Crim. P. In its response, the government states that "it has provided, pursuant to voluntary discovery and requests made by the defendant, all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B)." (Docket #10, p. 2, ¶ 5).

Based on the government's representation, the defendant's motion is DENIED on the basis that it is moot.

    **3.**    **Defendant's Request For "Discovery With Respect To FRE 403, 404(b) And 609:"**

The defendant erroneously seeks discovery pursuant to "Rule 12(d) of the Fed. R. Crim. P." whereas the proper citation is Rule 12(b)(4)(B) for the purpose of "determin[ing] whether or not grounds exist for objection" to the use of "any evidence to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should he testify." (Docket #8, p. 13, ¶ 47).

The government states that it has provided notice to the defendant as required by Rule 404(b) of its intent to offer certain evidence "of proof of other crimes, wrongs or acts during the direct case of the government for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."  (Docket #10, p. 6, ¶ 12).

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial."  This has been done, and as a result, defendant's request on this issue is DENIED on the basis that it is moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 F.R.E. is best left to the determination of the trial judge at the time of trial.

As to the defendant's request for production of Rule 609 F.R.E. material, the government states that it "will provide this information consistent with its disclosure of Jencks material."  (Docket #10, pp. 6-7, ¶ 13).  Therefore, this request of the defendant is DENIED on the basis that it is moot.

      **4.     Defendant's Request For "Discovery With
                Respect To FRE 702, 703 And 705:"**

The Court treats this request as one being made pursuant to Rule 16(a)(1)(G) of the Fed. R. Crim. P. The government advises that it "will comply with the defendant's requests for expert testimony pursuant to Rule 16(a)(1)(E) (sic) of witnesses who will testify under Rules 702, 703 and 705 FRE." (Docket #10, p. 3, ¶ 6).

Based on the government's response, this request of the defendant is DENIED on the basis that it is moot.

      **5.     Defendant's Request For Production Of
                *Brady, Giglio* And *Jencks* Materials:**

The defendant has set forth an extensive listing seeking information that would constitute *Brady, Giglio* and *Jencks* materials which he requests be produced by the government by "early disclosure." (Docket #8, pp. 14-22).

The government has responded to this request by stating that "at the present time, [it] is not in possession of any 'exculpatory' material within the contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material, if and when it is aware of it." (Docket #10, p. 7, ¶ 14). As to the defendant's request for *Giglio* material, the government states that it will "provide impeachment Brady material, i.e., promises of leniency or immunity agreements with the government's witnesses, criminal records or prosecution witnesses, immoral,

various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the Jencks Act material."

Based on the responses of the government, the defendant's requests are DENIED on the basis that they are moot, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2007), by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 6. Defendant's Request Seeking Disclosure Of Informants' Identities:

The defendant asserts that "in order to prepare an adequate defense it is necessary that informant identities be revealed so that counsel may attempt to interview them and otherwise investigate their allegations, biases, and benefits derived from cooperating with the government." (Docket #8, p. 22, ¶ 65).

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show

> that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

**7.     Defendant's Motion For Permission To Make Further Motions:**

The defendant requests leave "to make further motions as the factors and evidence emerge through requested disclosure." (Docket #8, p. 23, ¶ 68).

This request is GRANTED subject to the limitation set froth in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

> *S/ H. Kenneth Schroeder, Jr.*
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**

**DATED:**   **Buffalo, New York**
              **March 20, 2009**